[No. F061981. Fifth Dist. July 23, 2012.]

RICHARD L. WOHLGEMUTH et al., Plaintiffs and Respondents, v. CATERPILLAR INC., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION[*]]**

---

*[*]Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts III. and IV.

## COUNSEL

Sedgwick, Steven D. DiSaia, Douglas J. Collodel and Daniel W. Bir for Defendant and Appellant.

Kemnitzer, Barron & Krieg, William M. Krieg and Eric M. Kapigian for Plaintiffs and Respondents.

## OPINION

**KANE, J.**—Plaintiffs Richard L. Wohlgemuth and Gloria M. Wohlgemuth purchased a new motor home that had an engine manufactured and warranted by defendant Caterpillar Inc. Plaintiffs subsequently claimed the engine was defective and sued defendant under the Song-Beverly Consumer Warranty Act (Civ. Code,[1] § 1790 et seq.; Song-Beverly Act), alleging that defendant failed to repair the defects after a reasonable number of attempts. Shortly before trial, defendant made a Code of Civil Procedure section 998 offer to compromise. The offer provided that plaintiffs would be paid $50,000, in exchange for which plaintiffs would dismiss the action with prejudice and sign a release of all claims. The offer was silent as to attorney fees and costs. Plaintiffs filed a notice of acceptance of the offer, dismissed the action with prejudice and then moved to recover their attorney fees and costs under section 1794, subdivision (d) (section 1794(d)). Defendant opposed the motion, arguing that there was no formal judgment in plaintiffs' favor as a predicate for an attorney fee or cost award and that, in any event, defendant was the true prevailing party, not plaintiffs, since a dismissal had been entered. The trial court rejected defendant's arguments, found that plaintiffs prevailed, and awarded attorney fees and costs to plaintiffs. Defendant appeals from that order. We will affirm.

## FACTS AND PROCEDURAL BACKGROUND

In 2002, plaintiffs purchased a new 2003 National RV[2] "Tradewinds" motor home. In 2008, plaintiffs filed this action under the Song-Beverly Act alleging that the motor home had been "in for repair an unreasonable number of times" due to "engine, power train, emissions control, and/or exhaust system" problems. The alleged defects led to "excessive fuel, oil or other particulates being emitted through the exhaust system and accumulating on the motor home and on any vehicle that is towed by the motor home." (Capitalization omitted.) Defendant had expressly warranted the engine and chassis portion of the motor home but defendant, and/or its authorized repair facility, was allegedly unable to repair the alleged defects after several attempts. Pursuant to the Song-Beverly Act, plaintiffs demanded that defendant and/or National RV[3] refund the purchase price or replace the motor

---

[1] Unless otherwise indicated, all further statutory references are to the Civil Code.

[2] National RV Holdings, Inc., doing business as National RV, was the manufacturer of the finished product, including the coach portion of the motor home.

[3] National RV was initially named as a codefendant, but was dismissed by plaintiffs in November 2009.

home.[4] Defendant filed its answer in December 2008, denying plaintiffs' allegations and raising several affirmative defenses.

Trial was set for May 10, 2010. On April 30, 2010, defendant served on plaintiffs an "OFFER TO COMPROMISE UNDER CODE OF CIVIL PROCEDURE SECTION 998 BY DEFENDANT CATERPILLAR INC.," which stated as follows: "Pursuant and subject to the provisions of *Code of Civil Procedure* § 998, defendant CATERPILLAR INC., without admitting liability, hereby offers to pay to plaintiffs RICHARD WOHLGEMUTH and GLORIA WOHLGEMUTH the total sum of Fifty Thousand Dollars ($50,000.00), in exchange for the dismissal with prejudice of the entire action and general release of all claims as to this defendant."

Four days later, on May 4, 2010, plaintiffs filed their "NOTICE OF ACCEPTANCE OF OFFER TO COMPROMISE PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 998" (Notice of Acceptance). The Notice of Acceptance declared that pursuant to Code of Civil Procedure section 998, plaintiffs "accept defendant['s] offer to pay to plaintiffs the sum of Fifty Thousand Dollars ($50,000.00) in exchange for dismissal with prejudice of the action, a copy of which is attached hereto." The next day, plaintiffs filed a "NOTICE OF SETTLEMENT OF ENTIRE CASE," informing the trial court that a settlement had been reached whereby a dismissal of the case was imminent. On May 6, 2010, plaintiffs filed a request for dismissal of the entire action, with prejudice, and the clerk entered the requested dismissal that same day.

On May 21, 2010, plaintiffs filed a motion for attorney fees and costs under the provisions of the Song-Beverly Act. Plaintiffs argued that in light of the practical result achieved by the settlement, they were the "prevailing" parties in the action. Plaintiffs stressed that where an accepted offer of compromise under Code of Civil Procedure section 998 is silent as to attorney fees and costs, as was the case here, the prevailing party is entitled to recover same if authorized by contract or statute. Plaintiffs asserted they were entitled to such attorney fees and costs under section 1794(d), which is the attorney fees/costs provision of the Song-Beverly Act.

On July 1, 2010, defendant filed opposition to the motion. Defendant argued that it was the prevailing party in the action, not plaintiffs, because it had obtained a dismissal with prejudice. Defendant argued further that plaintiffs could not recover attorney fees and costs under section 1794(d) because there was no "judgment" entered in plaintiffs' favor.

Plaintiffs' reply papers were filed on July 8, 2010. Attached to plaintiffs' reply declaration was a letter addressed to plaintiffs from defendant indicating

---

[4] Plaintiffs' complaint alleged the purchase price for the motor home was $183,299.40. This amount included finance charges; the listed purchase price in the parties' contract was actually $144,990.

that a replacement engine would cost about $21,000. Thus, according to plaintiffs, the $50,000 settlement would allow them to achieve the main objective of the lawsuit by getting the engine/exhaust problem fixed by replacing the old engine. Defendant objected to the introduction of this new evidence offered in a *reply* declaration.

The motion was heard on September 1, 2010. Following oral argument, the trial court took the matter under submission. On November 15, 2010, the trial court issued its written order granting plaintiffs' motion. It found plaintiffs to be the prevailing parties and awarded attorney fees to plaintiffs in the amount of $117,625 and costs in the amount of $7,737.08. Defendant's appeal followed.

## DISCUSSION

### I. *Standard of Review*

"Generally, the trial court's determination of the prevailing party for purposes of awarding attorney fees is an exercise of discretion, which should not be disturbed on appeal absent a clear showing of abuse of discretion. [Citation.] But the determination of the legal basis for an attorney fee award is subject to independent review. [Citation.] In such a case, the issue involves the application of the law to undisputed facts. [Citation.]" (*Kim v. Euromotors West/The Auto Gallery* (2007) 149 Cal.App.4th 170, 176 [56 Cal.Rptr.3d 780] (*Kim*).) Further, where an issue of entitlement to attorney fees and costs depends on the interpretation of a statute, our review is de novo. (*Turner v. Association of American Medical Colleges* (2011) 193 Cal.App.4th 1047, 1056 [123 Cal.Rptr.3d 395].)

Here, defendant contends on appeal that the trial court erred in awarding attorney fees and costs because, allegedly (1) plaintiffs cannot be prevailing parties under section 1794(d) since the action was dismissed and no judgment was entered in plaintiffs' favor and (2) plaintiffs did not meet their burden of showing they were in fact the prevailing parties. In addition, defendant raises a new argument on appeal that (3) the offer to compromise under Code of Civil Procedure section 998 was never unconditionally accepted by plaintiffs. Since the first issue involves the applicable legal standard, we apply de novo review. The second issue entails our review of whether the trial court abused its discretion in determining under the circumstances that plaintiffs prevailed in the action. Finally, as explained below, we decline to reach the third issue since it was not raised in the trial court and both sides assumed that there was a valid acceptance of the settlement offer.

## II. *Plaintiffs' Voluntary Dismissal of the Action Pursuant to the Compromise Agreement Did Not Preclude Them from Being the Prevailing Parties Under Section 1794(d)*

■ The trial court found that plaintiffs were the prevailing parties based on their acceptance of the Code of Civil Procedure section 998 offer to compromise whereby, in exchange for defendant's promise to pay plaintiffs the sum of $50,000, plaintiffs voluntarily dismissed the action. On appeal, defendant challenges the trial court's conclusion that plaintiffs were prevailing parties. Before we address defendant's arguments on that particular issue, we note as the trial court did that "[w]here a [Code of Civil Procedure] section 998 offer is silent on costs and fees, the prevailing party is entitled to costs and, if authorized by statute or contract, [attorney] fees." (*Engle v. Copenbarger & Copenbarger, LLP* (2007) 157 Cal.App.4th 165, 168 [68 Cal.Rptr.3d 461].) This is a "bright-line rule," meaning that "a [Code of Civil Procedure] section 998 offer to compromise excludes [attorney] fees *only* if it says so expressly." (*Id.* at p. 169, italics added.) "[W]hen a [Code of Civil Procedure] section 998 offer is silent about attorney's fees and costs, it cannot reasonably be interpreted to exclude their recovery and the prevailing party may seek them." (*On-Line Power, Inc. v. Mazur* (2007) 149 Cal.App.4th 1079, 1084 [57 Cal.Rptr.3d 698].) Here, as the trial court correctly held, the fact that defendant's offer to compromise was silent on the subject of recovery of attorney fees and costs clearly left such recovery available.

We now turn to the crux of the matter—whether the trial court could appropriately conclude that plaintiffs were the prevailing parties. Defendant's legal arguments are essentially that (1) to be a prevailing party under section 1794(d) there had to be a formal judgment entered in plaintiffs' favor and (2) a dismissal with prejudice necessarily means defendant was the prevailing party. We address these arguments in turn.

### A. *"Judgment" in Section 1794(d)*

■ Defendant first argues that plaintiffs could not be the prevailing parties under section 1794(d) since no formal judgment was entered in plaintiffs' favor. Defendant insists that its position is supported by a literal reading of section 1794(d), which states that a buyer who prevails in an action under the Song-Beverly Act is entitled to recovery of attorney fees and costs "as part of the *judgment*."[5] (Italics added.) Plaintiffs respond that the

---

[5] Section 1794(d) states: "If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action."

term *judgment* is sometimes used in a broad sense to include any final disposition of an action, and a conspicuous example of that interpretation is found in the cases construing Code of Civil Procedure section 998. Code of Civil Procedure section 998 expressly applies to offers to compromise that allow for a *"judgment* to be taken" (*id.,* subd. (b), italics added),[6] and yet cases construing that language hold it includes offers that call for a dismissal with prejudice (see, e.g., *Goodstein v. Bank of San Pedro* (1994) 27 Cal.App.4th 899, 906 [32 Cal.Rptr.2d 740] (*Goodstein*)). Plaintiffs argue the same broad interpretation of the term "judgment" should apply to section 1794(d), particularly in light of the remedial purposes of the Song-Beverly Act. (See *Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal.4th 985, 994 [73 Cal.Rptr.2d 682, 953 P.2d 858].) We agree with plaintiffs.

 In *Goodstein, supra,* 27 Cal.App.4th 899, the Court of Appeal concluded that a voluntary dismissal with prejudice as part of a compromise agreement can qualify as a "judgment" within the meaning of Code of Civil Procedure section 998. Noting that Code of Civil Procedure section 577 defines "judgment" as " 'the final determination of the rights of the parties in an action or proceeding' " (*Goodstein, supra,* at p. 905), the Court of Appeal explained: "The word 'judgment' in Code of Civil Procedure section 998 indicates that the statute contemplates that an offer to compromise which is accepted will result in the final disposition of the underlying lawsuit; the statute does not indicate any intent to limit the terms of the compromise settlement or the type of final disposition. The acceptance of the instant compromise agreement calling for a voluntary dismissal with prejudice would have finally disposed of the complaint as effectively (see Code Civ. Proc., § 581d)[7] as one calling for entry of judgment in favor of plaintiff." (*Goodstein, supra,* at p. 906.) Thus, "a compromise agreement contemplating payment by defendant and dismissal of the action by plaintiff is the legal equivalent of a judgment in plaintiff's favor." (*Id.* at p. 907.) This interpretation of Code of Civil Procedure section 998 has been followed consistently. (See *On-Line Power, Inc. v. Mazur, supra,* 149 Cal.App.4th at pp. 1084–1085; *American Airlines, Inc. v. Sheppard, Mullin, Richter & Hampton* (2002) 96 Cal.App.4th 1017, 1055–1056 [117 Cal.Rptr.2d 685]; *Berg v. Darden* (2004) 120 Cal.App.4th 721, 729 [15 Cal.Rptr.3d 829] [describing and following case law that "so long as the compromise offer contemplated some final disposition of the lawsuit which functioned as the legal equivalent of a judgment, entry of a judgment was not strictly required"].)

---

[6] Code of Civil Procedure section 998, subdivision (b), also states the offer shall include "the terms and conditions of the *judgment,*" and if accepted, the judge "shall *enter judgment* accordingly." (Italics added.)

[7] Code of Civil Procedure section 581d provides that a dismissal order constitutes a judgment.

As explained at length *post*, the term "judgment" as used in section 1794(d) of the Song-Beverly Act has a similarly broad scope when it comes to the question of the propriety of awarding fees and costs under that statute. Thus, where a dismissal with prejudice is entered as part of a compromise agreement under Code of Civil Procedure section 998, it is the equivalent of a judgment for purposes of section 1794(d). Therefore, in such cases, a court may proceed to determine whether the buyer/plaintiff has prevailed, and if so, to award attorney fees and costs.

■ In reaching this conclusion, we follow established rules of statutory interpretation: " 'The goal of statutory construction is to ascertain and effectuate the intent of the Legislature. [Citation.] Often, the words of the statute provide the most reliable indication of legislative intent. [Citation.] However, when the statutory language is itself ambiguous, we must examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes. [Citation.] " 'When the language is susceptible of more than one reasonable interpretation . . . we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.' " [Citation.]' " (*Vitug v. Alameda Point Storage, Inc.* (2010) 187 Cal.App.4th 407, 412 [113 Cal.Rptr.3d 782], quoting *Rothschild v. Tyco Internat. (US), Inc.* (2000) 83 Cal.App.4th 488, 496 [99 Cal.Rptr.2d 721].) ■ The meaning of the words of a statute is determined with reference to the context in which the words are used. (*Leslie Salt Co. v. San Francisco Bay Conservation etc. Com.* (1984) 153 Cal.App.3d 605, 614 [200 Cal.Rptr. 575].) Where a word of common usage has more than one meaning, the one which will best attain the purposes of the statute should be adopted. (*Id.* at p. 615.)

We begin with the fact that section 1794(d) is fundamentally a costs and attorney fees statute. In light of that context, the reference in section 1794(d) to a prevailing buyer's right to recover costs and attorney fees *"as part of the judgment"* (italics added) would appear to merely reflect the basic principle of law that such cost items are awarded as an *incident* of a judgment. (*Berti v. Santa Barbara Beach Properties* (2006) 145 Cal.App.4th 70, 75 [51 Cal.Rptr.3d 364] ["It is well settled that statutory costs and attorney fees are incident to the judgment . . ."]; 7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 86, p. 622.) However, no particular *form* of judgment is indicated by the language of the statute, and the only express condition stated is that the buyer must have prevailed in the action. (§ 1794(d) ["[i]f the buyer prevails in an action under this section"].) Clearly, the primary thrust and purpose of the statute is that prevailing buyers receive their attorney fees and costs (*Murillo v. Fleetwood Enterprises, Inc., supra,* 17 Cal.4th at p. 994), *not* that any particular means of finally terminating the action be followed. Code

of Civil Procedure section 577 (enacted by Stats. 1872), provides a long-standing definition of a "judgment" as "the final determination of the rights of the parties in an action or proceeding." That definition focuses on the substance of the matter, not its form. (See *Otay River Constructors v. San Diego Expressway* (2008) 158 Cal.App.4th 796, 801 [70 Cal.Rptr.3d 434] [substance and effect of an adjudication is determinative, not the form of the decree]; cf. Code Civ. Proc., § 581d [order of dismissal is a judgment].) From these considerations, it appears that section 1794(d) simply contemplates a final disposition or determination of the rights of the parties in the action, upon which foundation the prevailing party may then be determined and, assuming that the plaintiff prevailed, costs and fees awarded.

 Moreover, interpreting the term "judgment" in section 1794(d) to have sufficient latitude to include litigation outcomes such as the one before us more fully accords with the remedial purpose of the Song-Beverly Act. "If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose . . . ." (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737 [21 Cal.Rptr.3d 676, 101 P.3d 563].) The Song-Beverly Act "is manifestly a remedial measure, intended for the protection of the consumer; it should be given a construction calculated to bring its benefits into action. [Citation.]" (*Kwan v. Mercedes-Benz of North America, Inc.* (1994) 23 Cal.App.4th 174, 184 [28 Cal.Rptr.2d 371].) The Song-Beverly Act is intended to protect consumers and should be construed in keeping with that goal. (*Murillo v. Fleetwood Enterprises, Inc., supra*, 17 Cal.4th at p. 990.) The provision for recovery of costs and attorney fees in section 1794(d) is an important aspect of this consumer protection, and without it many would not be financially able to pursue a remedy. As stated in *Murillo v. Fleetwood Enterprises, Inc., supra*, at page 994: "[T]he prospect of having to pay attorney fees even if one wins a lawsuit can serve as a powerful disincentive to the unfortunate purchaser of a malfunctioning automobile. By permitting prevailing buyers to recover their attorney fees in addition to costs and expenses, our Legislature has provided injured consumers strong encouragement to seek legal redress in a situation in which a lawsuit might not otherwise have been economically feasible." These remedial purposes are furthered by giving the term "judgment" in section 1794(d) a practical definition that honors substance over form so that consumers who successfully achieve the goals of their litigation through a compromise agreement would not lose their statutory right to fees and costs merely because the agreement they entered, which was silent on the issue of fees and costs, happened to call for a dismissal rather than a judgment.[8]

---

[8] This interpretation also harmonizes with the purpose of Code of Civil Procedure section 998 to encourage settlement. As the Supreme Court commented in *Murillo v. Fleetwood Enterprises, Inc., supra*, 17 Cal.4th at page 1001, "nothing in . . . section 1794(d) suggests this legislative

Such final dispositions have been recognized in other contexts as tantamount or equivalent to a judgment for purposes of Code of Civil Procedure section 998 and/or for allowing the trial court to determine the prevailing party and to award costs and fees under fee-shifting statutes. (E.g., *Goodstein, supra*, 27 Cal.App.4th at p. 907 ["a compromise agreement contemplating payment by defendant and dismissal of the action by plaintiff is the legal equivalent of a judgment in plaintiff's favor"]; *Chinn v. KMR Property Management* (2008) 166 Cal.App.4th 175, 196 [82 Cal.Rptr.3d 586] (*Chinn*) ["A voluntary dismissal with prejudice is a judgment for purposes of [Code of Civil Procedure] section 998."]; *On-Line Power, Inc. v. Mazur, supra*, 149 Cal.App.4th at pp. 1084–1085 [same; also holding trial court erred in failure to determine prevailing party under fee-shifting statute]; see *Folsom v. Butte County Assn. of Governments* (1982) 32 Cal.3d 668, 677 [186 Cal.Rptr. 589, 652 P.2d 437] [under Code Civ. Proc., § 1021.5, " '[A] valid compromise agreement has many attributes of a judgment, and . . . operates as a bar to the reopening of the original controversy' "].) Moreover, in a case brought under several consumer statutes, including the Song-Beverly Act, it was recognized that a pretrial dismissal does not preclude a prevailing plaintiff from an award of attorney fees under such fee-shifting statutes. (See *Reveles v. Toyota by the Bay* (1997) 57 Cal.App.4th 1139, 1150 [67 Cal.Rptr.2d 543] [even without a stipulation to reserve such issues, a "pretrial dismissal does not preclude an award of attorney fees and other costs sought under statutes other than section 1717"]; see also *Damian v. Tamondong* (1998) 65 Cal.App.4th 1115, 1124 [77 Cal.Rptr.2d 262] [citing *Reveles* with approval].)[9] Similarly, here, we hold that the pretrial dismissal with prejudice pursuant to the compromise agreement was sufficient for purposes of section 1794(d) to allow an award of attorney fees and costs.[10]

## B. *Prevailing Party Where Plaintiffs Dismissed Action*

■ Defendant's second argument is that plaintiffs *cannot* be the prevailing party as a matter of law because a dismissal with prejudice was entered

purpose should override the Legislature's desire—expressed in [Code of Civil Procedure] section 998—to encourage the settlement of lawsuits."

[9] *Reveles v. Toyota by the Bay, supra*, 57 Cal.App.4th 1139, was disapproved on other grounds in *Gavaldon v. DaimlerChrysler Corp.* (2004) 32 Cal.4th 1246, 1261 [13 Cal.Rptr.3d 793, 90 P.3d 752].

[10] Of course, parties are free to expressly waive attorney fees and costs as part of a compromise agreement. But allowing a defendant to thwart an otherwise successful consumer's remedy under section 1794(d) by means of a compromise agreement silent on attorney fees and costs—merely because the means used to finally terminate the action was a dismissal rather than a formal judgment—would likely become a trap for the unwary consumer and a potential means of evading statutory compliance. (*Jiagbogu v. Mercedes-Benz USA* (2004) 118 Cal.App.4th 1235, 1244 [13 Cal.Rptr.3d 679] ["Interpretations that would significantly vitiate a manufacturer's incentive to comply with the [Song-Beverly] Act should be avoided."].)

and Code of Civil Procedure section 1032, subdivision (a)(4), states that a " '[p]revailing party' " includes "a *defendant* in whose favor a dismissal was entered." (Italics added.) According to defendant, this statute means that defendant must be the prevailing party in this case. We disagree for two reasons. First, Code of Civil Procedure section 1032, subdivision (a)(4), *also* provides that a " '[p]revailing party' " is "the party with a net monetary recovery." Here, plaintiffs were the party with a net monetary recovery. In cases where *both* parties achieved a status that Code of Civil Procedure section 1032 defines as a prevailing party, the action "falls into the 'situation other than as specified' category, calling for an exercise of the trial court's discretion." (*On-Line Power, Inc. v. Mazur, supra,* 149 Cal.App.4th at p. 1087.) ■ Second, where (as here) a fee-shifting statute is concerned, a number of Courts of Appeal have taken the approach that attorney fees recovery is governed by the fee-shifting statute itself, rather than a rigid adherence to Code of Civil Procedure section 1032. Under this analysis, if the particular fee-shifting statute does not define prevailing party, then the trial court should simply take a pragmatic approach to determine which party has prevailed. That is, the trial court would determine which party succeeded on a practical level, by considering the extent to which each party realized its litigation objectives. (*Kim, supra,* 149 Cal.App.4th at pp. 178–181; *Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 149–151 [50 Cal.Rptr.3d 273]; *Castro v. Superior Court* (2004) 116 Cal.App.4th 1010, 1018–1020 [10 Cal.Rptr.3d 865].)[11] ■ Section 1794(d) is likewise a remedial fee-shifting statute, and thus the same practical approach to the issue of prevailing party is applicable to section 1794(d).

■ As these cases demonstrate, the fact that plaintiffs dismissed the action does not mean that they were necessarily precluded from being deemed the prevailing parties in the litigation.

III., IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[11] This practical approach has also been adopted to determine the prevailing party for purposes of awarding attorney fees in a pretrial voluntary dismissal case asserting tort claims when the contractual term "prevailing party" was undefined. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 622 [71 Cal.Rptr.2d 830, 951 P.2d 399].) In *Santisas,* the Supreme Court aptly commented: "In particular, it seems inaccurate to characterize the defendant as the 'prevailing party' if the plaintiff dismissed the action only after obtaining, by means of settlement or otherwise, all or most of the requested relief . . . ." (*Id.* at p. 621.)

*See footnote, *ante,* page 1252.

## DISPOSITION

The order of the trial court is affirmed. Costs on appeal are awarded to plaintiffs.

Hill, P. J., and Levy, J., concurred.