**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERJIK HATAMI, | No. 11-57074 |
| Plaintiff - Appellant, | D.C. No. 8:08-cv-00226-DOC-MLG |
| v. | |
| KIA MOTORS AMERICA, INC., | MEMORANDUM* |
| Defendant - Appellee, | |
| and | |
| KIA MOTORS CORPORATION, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted November 4, 2013**
Pasadena, California

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Plaintiff Serjik Hatami appeals the district court's order granting in part and denying in part his motion for attorney fees following his settlement with Defendant Kia Motors America, Inc. For the reasons that follow, we affirm.

1. We have appellate jurisdiction over this appeal. Contrary to Defendant's assertion, the district court awarded fees pursuant to California Civil Code section 1794(d), which allows the award of attorney fees after voluntary dismissal. See Wohlgemuth v. Caterpillar Inc., 144 Cal. Rptr. 3d 545, 553-54 (Ct. App. 2012) ("[W]e hold that the pretrial dismissal with prejudice pursuant to the compromise agreement was sufficient for purposes of section 1794(d) to allow an award of attorney fees and costs."). Although a party generally may not appeal from a voluntary dismissal, Concha v. London, 62 F.3d 1493, 1507 (9th Cir. 1995), an award of attorney fees pursuant to a statute is separately appealable from the judgment on the merits, see Hunt v. City of Los Angeles, 638 F.3d 703, 719 (9th Cir. 2011) ("[A]n order on attorneys' fees is collateral to, and separately appealable from, the judgment.").

2. The district court did not abuse its discretion by denying attorney fees for the period following Defendant's Federal Rule of Civil Procedure 68 offer. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) ("We review the denial of attorney's fees for abuse of discretion . . . ."). "When a

2

plaintiff rejects a Rule 68 offer, the reasonableness of an attorney fee award . . . will depend, at least in part, on the district court's consideration of the results the plaintiff obtained by going to trial compared to the Rule 68 offer." Haworth v. Nevada, 56 F.3d 1048, 1052 (9th Cir. 1995). The district court properly found that, to the extent that the terms of the final judgment exceeded, if at all, the terms of the Rule 68 offer, that benefit accrued only to Plaintiff's lawyer. Cf. id. ("Clearly, the only one who benefited by pursuing the litigation after the Rule 68 offer was made was the plaintiffs' attorney."). The district court's weighing of the relevant factors was permissible, and its findings were not "illogical, implausible or without support in the record." TrafficSchool.com, 653 F.3d at 832.

3. Because we conclude that the district court did not abuse its discretion, we need not, and do not, reach the court's alternative holding that Rule 68 prohibited the award of fees.

**AFFIRMED.**