Filed 12/17/19; Certified for Publication 12/31/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| NILAY B. PATEL et al., | B293813 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC580425) |
| v. | |
| MERCEDES-BENZ USA, LLC, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Teresa A. Beaudet, Judge. Reversed and remanded with directions.

Rosner, Barry & Babbitt, Hallen D. Rosner and Arlyn L. Escalante for Plaintiffs and Appellants.

Lehrman Law Group, Kate S. Lehrman and Robert A. Philipson for Defendant and Respondent.

# INTRODUCTION

Plaintiff Nilay B. Patel contracted with defendant Mercedes-Benz USA, LLC (MBUSA) to lease a vehicle. During the lease period, the vehicle's navigation system experienced recurring problems, which MBUSA was unable to repair. Patel sued MBUSA under the Song-Beverly Consumer Warranty Act (the Act, Civ. Code, §§ 1790-1795.8).[1] At trial, the jury found the vehicle had a substantial impairment, and MBUSA failed to repair or replace the vehicle. Accordingly, the jury awarded damages.

This otherwise straightforward case has a twist, however: Patel did not lease the vehicle for his own use. Instead, he leased it for a friend, Arjang Fayaz, who was the primary driver. Patel paid the lease payments to MBUSA, and Fayaz reimbursed Patel. Because Patel was the lessee and the party to the express warranty, Patel alone sued MBUSA. MBUSA deposed Fayaz as a witness. After several days of trial, MBUSA moved for nonsuit on the basis that Patel did not suffer any damages, because Fayaz reimbursed him for the lease payments. The trial court denied MBUSA's motion for nonsuit, but ordered that Fayaz be added to the case as a plaintiff. When the jury awarded damages, it awarded them solely to Fayaz.

Patel and Fayaz then moved for attorney fees as prevailing parties under the Act. The trial court granted the motion as to Fayaz only, and limited the attorney fee award to fees incurred while Fayaz was a party to the case—from the penultimate day of trial onward. Plaintiffs appealed, asserting that the trial court erred by finding that Patel was not a prevailing party entitled to

_____

[1] All further statutory references are to the Civil Code unless otherwise indicated.

attorney fees, and by limiting the award to only fees incurred after Fayaz was added as a plaintiff.

We agree with plaintiffs and reverse. The Act provides that successful plaintiffs are entitled to collect attorney fees "based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." (§ 1794, subd. (d).) Plaintiffs successfully proved to a jury that the vehicle was defective in breach of MBUSA's express warranty, MBUSA failed to repair or replace it, and damages resulted from MBUSA's breach. That the jury awarded fees to Fayaz rather than Patel did not support the trial court's holding that Patel was not a prevailing party entitled to attorney fees. Therefore, the order on the attorney fee motion is reversed, and the case is remanded for a hearing to determine a reasonable fee award under section 1794, subdivision (d).

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Allegations

In May 2015, Patel filed a complaint asserting causes of action under the Act and the Magnuson-Moss Consumer Warranty Act (15 U.S.C. § 2301 et. seq.). Patel alleged that on December 24, 2013, he leased a new 2014 Mercedes C250W from MBUSA, and the vehicle came with an express warranty. The vehicle was delivered with "serious defects and nonconformities to warranty" including "electrical and HVAC defects."

In the cause of action for violation of the Act, Patel alleged that the vehicle's "nonconformities substantially impair the use, value, and/or safety of the vehicle," and MBUSA was unable to repair the vehicle. Patel alleged that MBUSA refused to replace the vehicle or make restitution. In the cause of action for

3

violation of the Magnuson-Moss Warranty Act, Patel alleged that MBUSA breached express and implied warranties. Patel sought damages, rescission of the contract, a civil penalty, and attorney fees.

Prior to trial, initially set for July 2016, the parties stipulated to the following facts. Patel leased the vehicle on December 24, 2013, with a 39-month lease term. The vehicle had a "4-year/50,000 mile 'bumper-to-bumper' warranty," and "an implied warranty of merchantability arose upon the sale of the consumer good as a matter of law." During the first year of the lease, the vehicle was presented for repairs four times, primarily due to "repeated problems with the vehicle's navigation system." "Plaintiff attempted to secure a statutory repurchase under the Song-Beverly Consumer Warranty Act, but Defendant refused to repurchase or replace the defective vehicle." In addition, Patel's "friend, Arjang Fayaz, was the primary driver of the subject vehicle." The stipulation noted that "All other issues, including liability, causation, and damages, are controverted."

MBUSA deposed both Patel and Fayaz on October 6, 2015, according to a declaration filed by plaintiffs' counsel after trial. Plaintiffs' counsel stated that he "represented Fayaz at his deposition as if he was a plaintiff, not a third-party." The vehicle was returned and the lease was terminated on August 27, 2016.

In its trial brief, MBUSA stated that Fayaz testified in his deposition that he "reimburses Mr. Patel for all the payments related to the vehicle." MBUSA asserted that the "complaints lodged by the primary driver, Mr. Fayaz, were minimal and largely went unverified, if they were present at all." MBUSA also asserted that "[t]here was no breach of the implied warranty of merchantability, because the vehicle was fit for the ordinary

purposes for which vehicles are used."  In its trial brief, MBUSA did not argue that Patel was not entitled to damages due to Fayaz's payments to Patel.

## B.    Trial and verdict

Trial began on January 31, 2018.  No trial transcript is included in the record, and the facts generally are not controverted on appeal.  Plaintiffs state in their opening brief on appeal that Fayaz "was prepared and represented as though he were the plaintiff."  On February 6 MBUSA filed a motion for nonsuit,[2] asserting that Patel was not present at trial, and he had failed to establish that he was damaged:  "[T]he evidence was clear that Arjang Fayaz made all payments related to the vehicle and incurred all costs related to the vehicle—Mr. Fayaz testified to it repeatedly. Plaintiff [Patel] has put on no evidence that the vehicle was worth anything less to him because he paid absolutely nothing for the vehicle. As such the 'value' of the vehicle to Nilay Patel has not been impaired at all, let alone substantially impaired."  MBUSA stated that "Fayaz is not a party to this action and is free to file his own lawsuit tomorrow. There is simply no purpose to continue on with this case which seeks damages for plaintiff Patel."

Patel opposed the motion, asserting that Patel leased the vehicle, and payments were made to MBUSA through Patel's bank account.  Patel acknowledged that the "evidence reflects that Mr. Fayaz was the primary driver of the vehicle and paid all costs associated with leasing and driving the vehicle."  Patel asserted that the source of the funds he used to pay for the leased vehicle was irrelevant to his claims.  Patel asked that the motion

---

[2] The motion in the record on appeal is not file-stamped; the date on the signature page is February 6, 2018.

5

be denied, and in the alternative, requested leave to amend the complaint to conform to proof by adding Fayaz as a party.

A minute order dated February 8 states the court's ruling: "Defendant's Motion for Nonsuit is DENIED. [¶] Plaintiff's Motion to Amend is GRANTED." Plaintiffs state in their opening brief on appeal that "the trial court added Fayaz as an indispensable party." According to another minute order, on February 9 MBUSA moved for a directed verdict against Fayaz for lack of standing, and for a directed verdict against Patel for lack of damages. The court denied both motions.

The jury returned a verdict on February 9. The portion of the jury verdict form addressing express warranty asked, "Did Nilay Patel or Arjang Fayaz lease a vehicle distributed by Mercedes-Benz?" The jury answered yes. The verdict form asked, "Did Mercedes Benz give Nilay Patel or Arjang Fayaz a written warranty?" The jury answered yes. The jury also found that the vehicle had a defect covered by the warranty that substantially impaired the vehicle's use, value, or safety, and that MBUSA failed to repair the defect or replace the vehicle.[3]

A separate section of the verdict form asked the jury to determine damages. One line of this section was for "[a]ctual payments paid or payable by Nilay Patel to lease the vehicle." The jury put a zero on this line. A separate line was for "[a]ctual payments paid or payable by Arjang Fayaz to lease the vehicle."

---

[3] The actual verdict form is not included in the record on appeal; this information is taken from a minute order in the respondent's appendix and the judgment that was later signed by the court. The jury also found in favor of MBUSA on an implied warranty theory relating to the one-year period after the vehicle was leased. The jury declined to impose a civil penalty on MBUSA.

6

Here, the jury inserted a figure of $21,434.37. The jury wrote zeroes on additional lines for sales taxes and other fees, and "[c]onsequential damages."

The court entered a judgment stating, "Plaintiffs Nilay Patel or Arang Fayaz shall recover from Defendant, Mercedes-Benz USA, LLC, the amount of $19,767.85 with interest thereon at the rate of ten percent per annum from the date of entry of this judgment until paid."[4] The judgment also stated that "Plaintiffs" shall recover costs, attorney fees, and prejudgment interest; the amounts were left blank.

## C.  Motion for attorney fees

Plaintiffs moved for attorney fees under section 1794, subdivision (d),[5] which states that where a "buyer prevails in an action" under the Act, the buyer is entitled to "attorney's fees based on actual time expended . . . in connection with the commencement and prosecution of such action." (§ 1794, subd. (d).) Plaintiffs sought $190,090.00 in attorney fees for work by two different law firms, plus a lodestar multiplier of 1.5, for a total award of $285,135.00.

Plaintiffs asserted that the fees were warranted because the case had been pending for nearly four years and the parties had taken more than a dozen depositions. Plaintiffs said they expected MBUSA to argue that Fayaz was not entitled to recover attorney fees because he was not joined as a party until trial.

---

[4] MBUSA states in its respondent's brief that the lower amount was "based on the jury's finding of a mileage offset of 9,330 miles." The jury found that the vehicle had been driven 9,330 miles before being delivered to MBUSA for repairs.

[5] Plaintiffs also moved for prejudgment interest, and MBUSA moved to strike certain costs. Only the motion for attorney fees is at issue in this appeal.

Plaintiffs asserted that the case would not have been litigated any differently if Fayaz had been joined earlier since Fayaz was deposed as a witness, and MBUSA's consistent defense throughout the case was that the vehicle was not defective. Plaintiffs argued that the lodestar multiplier was warranted "to account for the delay in payment and contingent risk posed by this case."

MBUSA opposed the motion. It argued that Patel had recovered nothing, and only Fayaz was entitled to damages. MBUSA asserted that Patel was therefore not the prevailing party and he was not entitled to any attorney fees. MBUSA contended that Fayaz was not entitled to recover attorney fees for the work done while Patel was the sole plaintiff. It continued, "At most, Mr. Fayaz is entitled to $5,412.00 he ostensibly incurred when the action was being prosecuted on his behalf." MBUSA reached this figure by adding together the fees incurred in the "five day period plaintiffs' attorneys were actively prosecuting the action on behalf of plaintiff Fayaz," and dividing the sum in half to subtract fees for work done on behalf of Patel.

MBUSA also asserted that the fees requested were excessive for a simple lemon law case. It further contended that particular fee entries were excessive, and that the rates charged were inflated.

After a hearing, the court granted the motion for attorney fees, but held that only Fayaz was entitled to an award of fees. The court stated, "Fayaz is the only party that can properly be considered a prevailing party under the Song-Beverly Act. Patel's litigation objective in this case was to recover damages from Mercedes-Benz, but the jury awarded him none." The court therefore assessed "the reasonableness of the attorney's fees

8

incurred after Fayaz was joined as an indispensable party on February 8, 2018." The court found the time and rates charged by plaintiffs' counsel from February 8 onward were reasonable, and declined to impose a lodestar enhancement. The court rejected MBUSA's assertion that the fees after February 8 should be split in half because there were two plaintiffs. The court therefore awarded Fayaz $22,772.50 in attorney fees, which included fees relating to the motion.

Plaintiffs timely appealed from the court's order on the motion for attorney fees.

## DISCUSSION

Plaintiffs contend the trial court erred in limiting the attorney fee award to fees incurred only after Fayaz was added to the case as a plaintiff, and by finding that Patel was not a prevailing party. MBUSA asserts that the trial court's ruling was correct. We review a trial court's order awarding attorney fees and costs under the Act for abuse of discretion. (*Hanna v. Mercedes-Benz USA, LLC* (2019) 36 Cal.App.5th 493, 507.) However, "'the determination of the legal basis for an attorney fee award is subject to independent review. [Citation.] In such a case, the issue involves the application of the law to undisputed facts.'" (*Wohlgemuth v. Caterpillar Inc.* (2012) 207 Cal.App.4th 1252, 1258.)

The appropriateness of an attorney fee award must be considered in light of the relevant statutory scheme. "The Song-Beverly Act requires a manufacturer that gives an express warranty on a new motor vehicle to service or repair that vehicle to conform to the warranty. If the manufacturer is unable to do so after a reasonable number of attempts, the purchaser may seek replacement of the vehicle or restitution in an amount equal

9

to the purchase price less an amount directly attributable to use by the purchaser prior to the discovery of the nonconformity." (*Hanna v. Mercedes-Benz USA, LLC, supra,* 36 Cal.App.5th at p. 497, fn. 2; see also § 1793.2, subd. (d)(2).) Under the Act, "a buyer of a new motor vehicle shall also include a lessee of a new motor vehicle." (§ 1793.2, subd. (d)(2)(D).)

A "buyer of consumer goods who is damaged by" the breach of an express warranty "may bring an action for the recovery of damages and other legal and equitable relief." (§ 1794, subd. (a).) "If the buyer prevails in an action under this section, the buyer" is entitled to recover "attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." (*Id.*, subd. (d).) "By permitting prevailing buyers to recover their attorney fees in addition to costs and expenses, our Legislature has provided injured consumers strong encouragement to seek legal redress in a situation in which a lawsuit might not otherwise have been economically feasible." (*Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal.4th 985, 994.)

Plaintiffs assert that Patel was a "buyer" with standing to sue under the Act, and because the jury determined that MBUSA breached the express warranty for the vehicle he leased, Patel was the prevailing party under the Act. MBUSA asserts that Patel cannot be deemed a prevailing party, because the jury did not award him any damages, and the "idea that Patel's litigation objective was to have the jury award him nothing is preposterous."

There is no question that plaintiffs, rather than MBUSA, prevailed on the express warranty claim. The jury found that

10

MBUSA leased the vehicle to "Nilay Patel or Arjang Fayaz"; MBUSA provided a written warranty; the vehicle had a defect that substantially impaired the vehicle's use, value, or safety; and MBUSA failed to repair or replace the vehicle. The jury awarded damages caused by the breach. Thus, there is no question that based on the findings of the jury, plaintiffs prevailed on their express warranty claim under the Act.

The question is therefore whether attorney fees should be limited because Patel—the lessee and party to the express warranty—initiated the case, but the jury ultimately awarded damages to Fayaz rather than Patel.[6] In essence, MBUSA asserts that neither Patel, nor Fayaz, nor plaintiffs collectively are entitled to collect attorney fees for the initiation and preparation of the case, despite the successful prosecution of the breach of express warranty claim. This position contradicts both the language and intent of the attorney fee provision in the Act.[7]

Section 1794, subdivision (d) makes clear that a prevailing party is entitled to attorney fees "based on actual time expended . . . in connection with the commencement and prosecution of such

---

[6] Plaintiffs contend that the trial court erred by adding Fayaz as a party, since the jury could have awarded damages to Patel, and it was "that erroneous decision, based on a technicality raised by MBUSA, which brings us here." However, both parties represented to the trial court that Fayaz should be added as a party—MBUSA by arguing that Fayaz was the party who was damaged, and plaintiffs, in opposing the nonsuit motion, by asking in the alternative that Fayaz be joined.

[7] MBUSA's argument also contradicts the judgment signed by the trial court, which states that Patel "or" Fayaz shall recover damages from MBUSA, and that "plaintiffs" are entitled to attorney fees. The parties do not address the differences between the verdict and the judgment.

11

action."  Here, the trial court denied all fees associated with "the commencement and prosecution of the action," and instead awarded fees only from the penultimate day of trial onward. There can be no question that at least some of plaintiffs' attorneys' work in initiating the case, conducting discovery, preparing the case for trial, and the first days of trial were essential to plaintiffs' success.  The trial court's limitation of fees, without regard to the "actual time expended" by plaintiffs' counsel in successfully initiating and prosecuting the case under the Act, was an abuse of discretion.

The court also erred in finding that Patel was not a prevailing party based solely on the lack of a damage award to Patel.  The Act does not define "prevailing party." MBUSA asserts that Patel was not a prevailing party under Code of Civil Procedure section 1032, subdivision (a)(4), which defines a prevailing party to include a party "with a net monetary recovery."  However, where a fee-shifting statute such as section 1794 is concerned, "attorney fees recovery is governed by the fee-shifting statute itself, rather than a rigid adherence to Code of Civil Procedure section 1032." (*Wohlgemuth v. Caterpillar Inc., supra,* 207 Cal.App.4th at p. 1264.)  To that end, to determine the "prevailing party" under the Act, "the trial court should simply take a pragmatic approach to determine which party has prevailed.  That is, the trial court would determine which party succeeded on a practical level, by considering the extent to which each party realized its litigation objectives." (*Ibid*.)

Thus, the prevailing party under section 1794, subdivision (d) is not necessarily determined by whether there is a net monetary recovery.  (*MacQuiddy v. Mercedes-Benz USA, LLC* (2015) 233 Cal.App.4th 1036, 1047.)  Instead, "'a party who is

12

denied direct relief on a claim may nonetheless be found to be a prevailing party if it is clear that the party has otherwise achieved its main litigation objective.'" (*Id*. at p. 1048.)

MBUSA contends that Patel did not meet his litigation objective, because "there is nothing in the record to support [Patel's] claim that he really intended all along to have the jury award him nothing." This glib characterization of Patel's litigation objectives is inaccurate. Plaintiffs note that restitution damages are defined by the Act[8] and relate to the vehicle; Patel did not seek individualized damages. Plaintiffs assert that Patel's objective was to have MBUSA return the car payments, and that goal was achieved. Indeed, the express warranty claim involved a single, allegedly defective vehicle, the objective in initiating the action was to recover damages associated with the breach of the warranty on that vehicle, and the jury awarded those damages. That plaintiffs had a separate agreement by which Fayaz reimbursed Patel for the lease payments did not undermine the single, overarching litigation objective for the case.

---

[8] Section 1793.2, subdivision (d)(2)(B) states that when restitution is warranted for breach of an express warranty under the Act, "the manufacturer shall make restitution in an amount equal to the actual price paid or payable by the buyer, including any charges for transportation and manufacturer-installed options, but excluding nonmanufacturer items installed by a dealer or the buyer, and including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees, plus any incidental damages to which the buyer is entitled under Section 1794, including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by the buyer."

In addition, MBUSA cites no authority supporting its claim that a single cause of action involving breach of a warranty on a vehicle can be deemed unsuccessful, despite a jury verdict to the contrary, because the cause of action was asserted by two different plaintiffs. We have found no authority that suggests that under circumstances such as the ones in this case involving a single vehicle, the parties' litigation objectives may be separately parsed.

Moreover, the court's limitation of the fee award was at odds with the purposes behind fee awards in consumer protection legislation such as the Act. Attorney fee provisions in consumer protection statutes "allow[ ] consumers to pursue remedies in cases as here, where the compensatory damages are relatively modest. To limit the fee award to an amount less than that reasonably incurred in prosecuting such a case, would impede the legislative purpose underlying" such statutes. (*Graciano v. Robinson Ford Sales, Inc*. (2006) 144 Cal.App.4th 140, 150 [addressing attorney fee provisions in the Automobile Sales Finance Act, § 2981 et seq., and the Consumers Legal Remedies Act, § 1750 et seq.]; see also *Warren v. Kia Motors America, Inc*. (2018) 30 Cal.App.5th 24, 39 ["*Graciano*'s reasoning applies with equal force here, a case involving a prevailing buyer seeking attorney fees under the Song-Beverly Act."].) By limiting the attorney fee award to only the last days of trial onward, the trial court's ruling contradicted the purposes of the fee-shifting provision of the Act, intended to award fees reasonably incurred in prosecuting a case.

MBUSA argues that Patel should be judicially estopped from "claiming that he was suing on behalf of Fayaz." Judicial estoppel "'prevents a party from "asserting a position in a legal

14

proceeding that is contrary to a position previously taken in the same or some earlier proceeding.  The doctrine serves a clear purpose: to protect the integrity of the judicial process.”’” (*Daar & Newman v. VRL International* (2005) 129 Cal.App.4th 482, 490-491.)  Here, nothing in the record suggests there was any confusion about Fayaz's role in the case.  Plaintiffs' counsel stated that both Patel and Fayaz were deposed in October 2015.  A list of stipulated facts signed by counsel for both parties in June 2016 stated that Fayaz “was the primary driver of the subject vehicle.”  Trial began a year and a half later, in January 2018, and Fayaz testified.  Nothing in the record suggests the parties were unclear about Fayaz's role before trial began.  Arguably, Fayaz could have been included as a plaintiff earlier in the litigation, as he was the party affected by the breach and the efforts to have the vehicle repaired.  However, there is no support for MBUSA's characterization that Patel was not forthcoming about Fayaz's involvement “right up until the time that he realized that he had not proven any damages.”  As Patel has not taken inconsistent positions, judicial estoppel does not apply.

The trial court erred by finding that Patel was not a prevailing party, and by limiting the attorney fee award to fees incurred only after Fayaz was added as a party.  The order is therefore reversed.  Because the trial court did not address the parties' contentions regarding the fees requested for work completed before Fayaz was joined, the matter is remanded to allow the trial court to determine the amount of fees “reasonably incurred by the buyer in connection with the commencement and prosecution of such action.”  (§ 1794, subd. (d).)

15

## DISPOSITION

The order on plaintiffs' motion for attorney fees is reversed. The matter is remanded for additional proceedings consistent with this opinion, including a determination of the appropriate attorney fee award to plaintiffs under section 1794, subdivision (d). Plaintiffs are entitled to recover their costs on appeal.

COLLINS, J.

We concur:

MANELLA, P. J.

WILLHITE, J.

16

Filed 12/31/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| NILAY B. PATEL et al., | B293813 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC580425) |
| v. | |
| MERCEDES-BENZ USA, LLC, | ORDER CERTIFYING OPINION FOR PUBLICATION |
| Defendant and Respondent. | |

THE COURT*

The opinion in the above-entitled matter filed on December 17, 2019 was not certified for publication in the Official Reports. Upon application of appellant and for good cause appearing, it is ordered that the opinion shall be published in the Official Reports.

Pursuant to California Rules of Court, rule 8.1105(b), this opinion is certified for publication.

_____

∗MANELLA, P.J.              WILLHITE, J.              COLLINS, J.