Filed 5/27/21  Peng v. F.M. Tarbell Co. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| BO PENG,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>F.M. TARBELL CO.,<br><br>        Defendant and Respondent. | B307484<br><br>(Los Angeles County<br>Super. Ct. No. 19STCP00416) |


APPEAL from an amended judgment of the Superior Court of Los Angeles County, Michael P. Linfield, Judge.  Affirmed.

Bo Peng, in pro. per., for Plaintiff and Appellant.

Benjamin K. Griffin for Defendant and Respondent.

* * * * * *

In an appeal de novo, the trial court issued the same ruling as the labor commissioner had in the prior administrative proceeding—namely, that a licensed real estate agent was an independent contractor rather than an employee. Following this ruling, the real estate company sought attorney's fees and costs as a prevailing party. The trial court awarded both, relying on the attorney's fees clause in the independent contractor agreement between the agent and the real estate company. In this appeal, the agent contests the award of attorney's fees and costs. We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

## I.    Facts[1]

Bo Peng (plaintiff) is a licensed real estate agent. In April 2015, he signed an Independent Contractor Agreement (the agreement) with F.M. Tarbell Company (Tarbell). In the agreement, plaintiff agreed that (1) he was associating with Tarbell solely as an independent contractor and not as an "employ[ee]," (2) his "only remuneration" would be the commissions he earned for facilitating the sale or purchase of real estate, and (3) "the prevailing [party]" "[i]n any action, proceeding, or arbitration between" himself and Tarbell "arising from or related to" the agreement "shall be entitled to reasonable attorney's fees and costs."

In November 2017, Tarbell terminated the independent contractor arrangement with plaintiff.

---

[1]    We draw these facts from our prior opinion in this case. (*Peng v. F.M. Tarbell Co.* (Dec. 24, 2020, B304763) [nonpub. opn.] (*Peng I*).)

## II.  Procedural Background

### A.  *Proceedings before the Labor Commissioner*

In August 2018, plaintiff filed a complaint with the labor commissioner.  In his complaint, plaintiff asserted he was an "employee" of Tarbell, that the unpaid commissions on two properties coming to $20,168.01 constituted "unpaid wages" under Labor Code section 201, and that he was also entitled to "waiting time penalties" under Labor Code section 203 for the late payment of those "unpaid wages."

Following a hearing in January 2019, a hearing officer for the labor commissioner awarded plaintiff no relief after finding that he was not an "employee" of Tarbell.

### B.  *"De novo appeal" before the superior court*

In February 2019, plaintiff filed a complaint in superior court seeking an "appeal de novo" pursuant to Labor Code section 98.2.

Following a one-day bench trial on January 16, 2020, the trial court directed a verdict for Tarbell under Code of Civil Procedure section 631.8.  Specifically, the trial court independently found that plaintiff was not entitled to unpaid wages or waiting time penalties because the undisputed facts showed that he was an "independent contractor" and not an "employee."

On February 3, 2020, the trial court entered judgment for Tarbell and also found that Tarbell was "the prevailing party in this case."

### C.  *Plaintiff's first appeal*

Plaintiff appealed the judgment.  On December 24, 2020, we affirmed the judgment in an unpublished decision.  (*Peng I, supra*, B304763.)

**D.**     *Award of attorney's fees and costs*

1.     *Attorney's fees*

On February 18, 2020, Tarbell filed a motion for attorney's fees in the amount of $72,519.03, which included fees Tarbell incurred in connection with the proceeding before the labor commissioner.  Tarbell's request was grounded in the attorney's fees clause of the agreement.  After fulsome briefing and a hearing in July 2020, the trial court granted Tarbell's motion.  The court found that attorney's fees were authorized by Civil Code section 1717 and the attorney's fees clause in the agreement.  The court further found that the hourly rate charged by Tarbell's attorney and the number of hours requested were reasonable.  Accordingly, the court awarded Tarbell the full amount of fees it requested.

2.     *Costs*

On the same day Tarbell filed its motion for attorney's fees, Tarbell also filed a memorandum seeking $1,120 in costs.

Plaintiff filed a motion to tax *all* of those costs.  Following further briefing and a hearing in August 2020, the trial court awarded Tarbell the full amount of its costs.  In so ruling, the court rejected plaintiff's argument that Tarbell's memorandum of costs was untimely.

**E.**     *Entry of amended judgment and appeal*

On August 18, 2020, the trial court entered an amended judgment awarding Tarbell the above-specified amount of attorney's fees.

A few weeks later, plaintiff filed this timely appeal.[2]

_____

[2]     Plaintiff asserts that because Tarbell's attorney on appeal is associated with a different firm than the firm that attorney associated with in *Peng I*, Tarbell's brief on appeal filed by that

4

## DISCUSSION

Although plaintiff does not challenge the amount of attorney's fees and costs Tarbell was awarded, he raises a plethora of other arguments.  Most numerous among them are plaintiff's arguments that the underlying judgment denying plaintiff's wage claim appeal is invalid.[3]  However, because we affirmed that judgment and that judgment is now final, it is now law of the case and we may not revisit it.  (*Franco v. Arakelian Enterprises, Inc.* (2015) 234 Cal.App.4th 947, 957 ["[t]he doctrine of law of the case gives finality to appellate decisions, precluding courts from revisiting issues that [have] been determined in earlier appellate proceedings between the same parties"].)

We are consequently left with only two discrete issues: (1) whether Tarbell has a legal basis to recover its attorney's fees incurred in both the labor commissioner proceedings and the

---

attorney is a nullity.  Plaintiff is wrong, but even if he were not, we can—and in this case and for the reasons explained below, would—still affirm the trial court's orders in the absence of a respondent's brief by Tarbell.  (Cal. Rules of Court, rule 8.220(a)(2); *In re Bryce C.* (1995) 12 Cal.4th 226, 232 ["Because of the general presumptions favoring the judgment, many can and should be affirmed even absent a brief or other appearance by the respondent"].)

[3]     Included in plaintiff's challenge to the underlying judgment is his argument that the trial court judge assigned to the motion for attorney's fees and motion to strike costs was not impartial because that judge would not overturn the underlying judgment that declared Tarbell the prevailing party.  Plaintiff ignores that one trial judge cannot overturn the order of another trial judge. (*Paul Blanco's Good Car Company Auto Group v. Superior Court of Alameda County* (2020) 56 Cal.App.5th 86, 93.)

5

superior court proceedings; and (2) whether Tarbell timely sought recovery of its costs.  We review a trial court's award of attorney's fees and costs for an abuse of discretion.  (*Farmers New World Life Ins. Co. v. Rees* (2013) 219 Cal.App.4th 307, 320-321.)  To the extent this inquiry requires us to construe statutes or determine the legal basis for a fee award, our review is de novo.  (*Sessions Payroll Management, Inc. v. Noble Construction Co.* (2000) 84 Cal.App.4th 671, 677; *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 894; *Wohlgemuth v. Caterpillar Inc.* (2012) 207 Cal.App.4th 1252, 1258.)

## I.    Attorney's Fees

As a general rule, parties in litigation pay their own attorney's fees (*Loffitte v. Robert Half Interat. Inc.* (2016) 1 Cal.5th 480, 488), but a court may nevertheless award attorney's fees if "a statute or contract allow[s] such recovery" (*Jones v. People* (1978) 22 Cal.3d 144, 154).

Civil Code section 1717 empowers a trial court to award "reasonable attorney's fees" to a party if (1) the court is hearing "an[] action on a contract," (2) that contract "specifically provides that attorney's fee and costs . . . shall be awarded," and (3) the moving party is "determined to be the party prevailing on the contract."  (Civ. Code, § 1717, subd. (a).)

All three requirements for an award under Civil Code section 1717 were met here.  First, "an action on a contract" includes "an action to avoid enforcement of a contract."  (*Eden Township Healthcare Dist. v. Eden Medical Center* (2013) 220 Cal.App.4th 418, 426; *Turner v. Schultz* (2009) 175 Cal.App.4th 974, 976, 979-980.)  Here, plaintiff's complaint with the labor commissioner was an action to avoid the enforcement of the agreement between himself and Tarbell because the complaint

6

sought a finding that plaintiff was an "employee" in direct contradiction with the agreement in which plaintiff agreed he was an "independent contractor" and *not* an "employ[ee]." Avoiding the agreement would have benefitted plaintiff financially: As an independent contractor, he could at most recover the lost commissions; as an "employee," he would recover the lost commissions *and* waiting time penalties. Second, the agreement has an express attorney's fees clause. That clause is broadly worded and encompasses the fee request in this case because plaintiff's labor commissioner proceeding and the subsequent de novo appeal constitute a "proceeding" and "action," respectively, that "aris[e] from or relate[] to" the agreement. Indeed, both the labor commissioner's and trial court's rulings necessarily rest on their finding that the agreement is what controls the relationship between plaintiff and Tarbell. Lastly, the trial court previously found that Tarbell was the prevailing party and that finding is now law of the case.

Plaintiff resists this conclusion with three arguments. First, he argues that the agreement is invalid, but that argument amounts to a collateral attack on the trial court's prior ruling upholding the agreement; as such, it is barred by the law of the case doctrine. Second, plaintiff argues that Tarbell is not entitled to fees under Labor Code section 218.5, but whether Tarbell has a second (or, for that matter, even a third)[4] basis for attorney's fees

---

[4] The attorney's fees Tarbell incurred during the appeal de novo are assessable against plaintiff under Labor Code section 98.2, subdivision (c), because plaintiff was "unsuccessful in [his] appeal" of the labor commissioner's determination. (Lab. Code,

7

does not affect the validity of the first basis.  Lastly, plaintiff argues that he was denied due process because the caption of Tarbell's attorney's fees motion was incorrectly titled as a motion to dismiss plaintiff's appeal, but this argument lacks merit because (1) the content of the notice, memorandum of points and authorities, and declaration with exhibits put plaintiff on notice of the relief Tarbell was requesting; (2) Tarbell filed and served a notice of errata and corrected notice of motion two days later, which still provided plaintiff with all the required days' notice to which he was entitled on the motion (see Code Civ. Proc., § 1005, subd. (b)); and (3) plaintiff opposed and was heard on the motion by a neutral decisionmaker, which is all that due process requires (*Today's Fresh Start, Inc. v. Los Angeles County Office of Education* (2013) 57 Cal.4th 197, 212).  (See *Arambula v. Union Carbide Corp.* (2005) 128 Cal.App.4th 333, 342-343 [opposition on the merits and appearance at the hearing shows the notice of motion "'served its purpose,' despite any defect"].)

## II.    Costs

As a general matter, the "prevailing party" in a civil suit "is entitled" to recover costs "as a matter of right."  (Code Civ. Proc., § 1032, subd. (b).)  Plaintiff does not object to the legal basis for the trial court's costs award or to its amount; instead, he argues that Tarbell served its memorandum of costs in an untimely manner.

A "prevailing party" seeking costs must "serve and file" its memorandum of costs "within 15 days after . . . the date of service of written notice of entry of judgment."  (Cal. Rules of Court, rule

---

§ 98.2, subd. (c); *Sampson v. Parking Service 2000 Com., Inc.* (2004) 117 Cal.App.4th 212, 220; *Smith v. Rae-Venter Law Group* (2002) 29 Cal.4th 345, 368, superseded on other grounds.)

3.1700(a)(1).)  Because Tarbell served the notice of entry of judgment on February 18, 2020, Tarbell had until March 4, 2020, to file and serve its memorandum of costs.  It is undisputed that Tarbell filed and served its memorandum of costs on February 18, 2020.  Thus, Tarbell's memorandum of costs was timely filed.

Plaintiff argues that the memorandum of costs was not timely served because the proof of service Tarbell filed along with the memorandum incorrectly states that the memorandum was served on plaintiff on "May 9, 2019."  Tarbell filed an amended proof of service correcting the typographical error on June 3, 2020.  Given that plaintiff himself elsewhere admits that he was mail-served with the memorandum of costs on February 18, 2020, we perceive no legal or factual basis for invalidating a cost award based on untimely service of the memorandum of costs when all the parties concede that service *was* timely and the proof of service merely contains a typographical error.

## DISPOSITION

The amended judgment is affirmed.  Tarbell is entitled to its costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
HOFFSTADT

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
CHAVEZ

10