Filed 4/2/24  Ceja v. Ford Motor Company CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| EMILIA CEJA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>    Defendant and Respondent. | 2d Civil No. B327920<br>(Super. Ct. No. 56-2022-00568655-CU-BC-VTA)<br>(Ventura County) |

Emilia Ceja appeals from the trial court's order awarding her $13,225 in attorney fees after she settled a case with Ford Motor Company.  Ceja contends the court erred by failing to: (1) use the lodestar method to calculate fees, (2) employ an upward multiplier, and (3) award expert witness costs.  We affirm.

### FACTUAL AND PROCEDURAL HISTORY[1]

Ceja purchased a Ford vehicle in July 2021.  She sued the company the following year, alleging various claims under the

---

[1] Ford's motion to augment the record on appeal, filed November 30, 2023, is granted.

Song-Beverly Consumer Warranty Act (Civ. Code, § 1790 et seq.) and related statutes. She also sought attorney fees. (Civ. Code, § 1794, subd. (d).)

In December 2022, Ford offered to repurchase Ceja's vehicle for $98,000. Ceja accepted the offer. She subsequently moved for over $57,000 in attorney fees, costs, expenses, and a "lodestar enhancement." She submitted four declarations in support of her motion.

Ford opposed Ceja's motion and objected to portions of the four declarations. It argued that Ceja could not recover attorney fees for claims that were stricken from her complaint, that the fees Ceja sought were unreasonable, and that a multiplier was not justified. It urged the trial court to award Ceja no more than $13,225.

The trial court heard Ceja's motion at the location and time noticed in her motion. She and her counsel failed to appear at the hearing, however. The court overruled Ford's evidentiary objections, but agreed with the company that Ceja was entitled to recover $13,225 in attorney fees and costs.

DISCUSSION

*The lodestar method*

Ceja first contends the trial court erred by eschewing the lodestar method to calculate her attorney fee award and instead employing an across-the-board cut to her fee request. But the page of the clerk's transcript Ceja cites to purportedly support this contention does not show that the court below did any such thing; rather, it specifies the documents filed in the case, the amount of Ceja's fee request, and the fees the court awarded. Without evidence to the contrary, we presume the court below employed the correct method to calculate attorney fees. (*Denham*

*v. Superior Court* (1970) 2 Cal.3d 557, 564; see also *Robertson v. Fleetwood Travel Trailers of California, Inc.* (2006) 144 Cal.App.4th 785, 818-819 [lodestar method used to calculate attorney fees under Song-Beverly Consumer Warranty Act].) We accordingly reject Ceja's first contention. (*Mueller v. County of Los Angeles* (2009) 176 Cal.App.4th 809, 816, fn. 5.)

*Upward multiplier*

Next, without citing any authority, Ceja argues the trial court erred because it did not consider her request for an upward multiplier. We disregard conclusory arguments not supported by legal analysis or authority. (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286-287.)

*Expert witness costs*

Finally, Ceja contends the trial court erred by not awarding expert witness fees. We disagree.

Expert witness fees are recoverable under the Song-Beverly Consumer Warranty Act. (*Jensen v. BMW of North America, Inc.* (1995) 35 Cal.App.4th 112, 138.) To recover these fees, the plaintiff must show that they were " 'reasonably incurred.' " (*Ibid.*) Ceja failed to make that showing here, citing a page of the clerk's transcript demonstrating only that the trial court did not award expert witness fees. "Absent findings or any explanation from the trial court, we presume the court found the cost [of Ceja's expert witnesses] was not reasonably incurred." (*Hanna v. Mercedes-Benz USA, LLC* (2019) 36 Cal.App.5th 493, 512.)

3

## DISPOSITION

The trial court's February 15, 2023, order awarding Ceja $13,225 in attorney fees is affirmed.  Ford shall recover its costs on appeal.

<u>NOT TO BE PUBLISHED.</u>


BALTODANO, J.


We concur:


GILBERT, P. J.


YEGAN, J.


4

Benjamin F. Coats, Judge

Superior Court County of Ventura

_____

Andre L. Verdun; MGC Law and Maria Fabiola Gil Ceja for Plaintiff and Appellant.

Evans Fears Schuttert McNulty Mickus, Elizabeth Vanis McNulty and Colin Patrick Cronin for Defendant and Respondent.